Jeremy L. Bordelon, OSB No. 160789
jeremy@evergreendisability.com
Evergreen Disability Law
465 Northeast 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| EDWARD WILLIAMS, | Civil No. 6:21-cv-490 |
| Plaintiff, | |
| v. | COMPLAINT FOR ERISA BENEFITS |
| AETNA LIFE INSURANCE COMPANY, and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, | |
| Defendants. | |

Plaintiff, Edward Williams, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to provide long term disability (LTD) and other benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

PLAINTIFF'S COMPLAINT                    1

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, the plan's mandatory appeals have been exhausted or deemed exhausted by operation of law and this matter is now properly before this court for judicial review.

3. Venue is proper within the District of Oregon pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach took place. Specifically, Plaintiff resided in this district at the time defendant failed to deliver benefits due to him.

## **PARTIES**

4. Plaintiff, Edward Williams (hereinafter, "Mr. Williams" or "Plaintiff"), is currently a resident of Marion County, Oregon.

5. Defendant Aetna Life Insurance Company ("Aetna"), is an insurance company headquartered in Hartford, Connecticut and is authorized to transact the business of insurance in this state.

6. Aetna is the party obligated to pay benefits due under Group Long Term Disability Policy No. GP-863204-GID issued by Aetna to United Parcel Service, Inc. ("UPS").

7. Defendant Hartford Life & Accident Insurance Company ("Hartford") is an insurance company headquartered in Hartford, Connecticut and is authorized to transact the business of insurance in this state.

8. On or about October 22, 2017, Hartford and Aetna entered into an agreement whereby Hartford agreed to reinsure and take over administration of Aetna's group disability insurance claims, among other lines of insurance.

PLAINTIFF'S COMPLAINT                  2

9.  On information and belief, Hartford is now primarily responsible for the administration and payment of approved claims under UPS's group disability plan.

10. On information and belief, in the event that Hartford fails to pay a meritorious claim under the UPS group disability plan, Aetna would still have liability for such claims.

11. Aetna may be served with process in Oregon by and through its registered agent for service of process, CT Corporation System, 780 Commercial Street, Suite 100, Salem, Oregon 97301.

12. Hartford may be served with process in Oregon by and through its registered agent for service of process, CT Corporation System, 780 Commercial Street, Suite 100, Salem, Oregon 97301.

### FACTS

13. Plaintiff was employed by UPS as an Orion Support Specialist.

14. By virtue of his employment, Plaintiff was covered by Group Long Term Disability Policy No. GP-863204-GID, issued by Aetna to UPS.

15. The provision of group long term disability insurance coverage to employees of UPS constitutes an ERISA welfare benefit plan ("Plan").

16. Plaintiff ceased work for UPS on or about April 21, 2017 due to symptoms from depression, anxiety, and post-traumatic stress disorder (PTSD).

17. When Plaintiff ceased work he was covered under the terms of the Plan.

18. Plaintiff applied for long term disability benefits under the Plan.

19. After a 182-day elimination period and for the first 24 months of long term disability benefits under the Plan, the standard for disability is an inability to perform the claimant's "regular occupation."

20. Aetna denied Plaintiff's claim for LTD benefits by letter dated January 4, 2019.

21. Plaintiff appealed this denial by letter dated July 17, 2019, and provided additional supporting medical evidence by letter dated August 26, 2019, including a report by an independent psychiatric nurse practitioner who had examined Mr. Williams.

22. In addition to medical evidence supporting a psychiatric disability, Mr. Williams also presented evidence to Aetna that he suffered from numerous physical conditions causing functional impairments.

23. The Plan states that a 24 month limited term of payment will apply to disabilities "primarily caused by... a mental health or psychiatric condition...."

24. By letter dated December 4, 2019, Aetna stated that Mr. Williams's claim was being approved under the policy's 24-month mental health limitation.

25. As a result of this decision, the first 24 months of policy benefits were approved and issued to Mr. Williams.

26. Aetna's December 4, 2019 letter served as both an approval and a denial, as it included a statement that Aetna had considered Mr. Williams's physical conditions for possible payment of benefits beyond the policy's 24-month mental health limitation, but found disability not supported by those conditions alone.

27. Aetna's December 4, 2019 letter also stated that, for the purposes of paying the benefits due up to the policy's 24-month mental health limitation, it was offsetting

those benefits not only by Mr. Williams's approved Social Security disability benefit, but also by his service- connected Veterans Affairs disability benefit.

28. Aetna's December 4, 2019 letter stated that Mr. Williams had 180 days from his receipt of that letter to appeal any part of its decision that he disagreed with.

29. Due to the COVID-19 pandemic, ERISA claimants' appeal deadlines were suspended by the U.S. Department of Labor from March 1, 2020 through 60 days after the declaration of the end of the national emergency. To date, the national emergency has not been declared ended and the Department of Labor has not reinstated claimants' appeal deadlines.

30. By letter dated December 22, 2020, Plaintiff timely appealed Aetna's denial of his claim.

31. With his appeal, Mr. Williams submitted several exhibits supporting his inability to work due solely to physical conditions, including a report of functional capacity testing (FCE) dated October 6, 2020, and an opinion from his treating physician, Dr. Daniel Hansen.

32. Mr. Williams's appeal also contained a section explaining that Aetna had underpaid him for the first 24 months of benefits which had been previously approved. Mr. Williams explained that Aetna had incorrectly calculated the offset of his Social Security benefits, had failed to give him credit for the attorney's fee he paid to obtain those benefits, and should either not offset his VA disability benefits at all, or should recalculate the amount of that offset.

33. Plaintiff's December 22, 2020 appeal letter was sent to Aetna by both fax and certified mail, and was received by Aetna via fax on December 22, 2020 at approximately 3:15 p.m. Eastern Standard Time.

34. Hartford, not Aetna, responded to Plaintiff's appeal letter on December 23, 2020, and stated that "The Hartford is the administrator for certain group benefits business written by Aetna Life Insurance Company..."

35. Hartford's December 23, 2020 letter also stated that Hartford had received Plaintiff's appeal on December 22, and would "have a decision on your appeal no later than February 5, 2021."

36. February 5, 2021 is forty-five days after December 22, 2020.

37. Forty-five days is the deadline in the ERISA regulations for administrators to either decide appeals, or to announce to the claimant that the administrator intends to take an extension of up to 45 additional days. 29 C.F.R. § 2560.503-1(i)(3).

38. Neither Hartford nor Aetna issued a decision on Mr. Williams's appeal by February 5, 2021.

39. Neither Hartford nor Aetna wrote to Mr. Williams or his counsel on or before February 5, 2021 to state that they were taking an extension of time to decide his appeal.

40. By letter dated February 25, 2021, Hartford wrote to say that it was "taking a 45-day extension" to decide Mr. Williams's appeal.

41. On Friday, March 19, 2021, a Hartford representative identifying herself as "Lilianna" called plaintiff's counsel's office and stated that Hartford would not be able to issue

a decision on Mr. Williams's appeal by "the deadline" of the following Monday, March 22, 2021.

42. March 22, 2021 is ninety days after December 22, 2020, the date on which Mr. Williams appealed the denial of his claim.

43. Ninety days is the maximum amount of time an ERISA claims administrator has, per ERISA regulations, to decide an appeal of a claim, if they properly notify the claimant that they are taking their one forty-five extension before the end of the original forty-five day decision timeframe. 29 C.F.R. §§ 2560.503-1(i)(1)(i); (i)(3).

44. The ERISA regulations do not provide for any further extensions of time beyond this 90-day total (45 day initial decision period, one 45 day extension). "In no event shall such extension exceed a period of [45] days from the end of the initial period." 29 C.F.R. §§ 2560.503-1(i)(1)(i); (i)(3).

45. Hartford did not issue a decision on Mr. Williams's appeal by March 22, 2021.

46. To date, Hartford still has not issued a decision on Mr. Williams's appeal.

47. The ERISA claims regulations, at 29 C.F.R. §§ 2560.503-1(l), state that:

> [I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act...

48. Defendants' failure to issue a decision on Plaintiff's appeal within the time allotted by the ERISA regulations constitutes a failure to follow the claims procedures provided by those regulations.

49. Because of Defendants' failure to issue a timely decision, Plaintiff's administrative remedies are deemed exhausted by operation of the claims regulations, specifically 29 C.F.R. §§ 2560.503-1(l).

50. Plaintiff was and continues to be disabled under the terms of the Plan.

51. Defendants would pay any benefits due out of their own funds.

52. Defendants were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

53. Defendants allowed their concern over their own funds to influence their claims-handling and decision-making.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

54. Under the terms of the Plan, Defendants agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

55. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

56. Defendants failed to provide benefits due under the terms of the Plan and these denials of benefits to Plaintiff constitute breaches of the Plan.

57. The decisions to deny these benefits were wrong under the terms of the Plan.

58. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

59. The decisions to deny benefits were not supported by substantial evidence in the record.

60. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the

amount equal to the amount of benefits to which he would have been entitled under the Plan.

61. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

### **PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1.     A finding in favor of Plaintiff against the Defendant;

2.     Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.     Prejudgment and postjudgment interest;

4.     An Order requiring the Defendant to provide continuing benefits into the future, so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan;

5.     Plaintiff's reasonable attorney fees and costs; and

6.     Such other relief as this court deems just and proper.

Dated this 1st day of April, 2021.

Respectfully submitted,

BY: *s/Jeremy L. Bordelon*
   Jeremy L. Bordelon, OSB No. 160789